IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EUGENE STRADER, SR.,

                Plaintiff,                    ORDER

v.

                                          10-cv-55-slc

JIM REED, M.D., JUDY SPAHN, A,R.N.P.,
CHRIS RUSSELL, P.A, GREGG FEARDAY, H.S.A.
MRS. TRATE and MRS. PADILLA,

                Defendants.

---

By order of this court dated May 3, 2010, plaintiff Eugene Strader was allowed to proceed on his claim that defendants Fearday, Mrs. Trate and Mrs. Padilla violated his equal protection rights. Strader was not allowed to proceed on his claim that defendants Judy Spahn, Chris Russell, Gregg Fearday or Jim Reed were deliberately indifferent to his serious medical need. Further he was not allowed to proceed on his claim that defendants Fearday, Trate and Padilla violated his Eighth or Thirteenth Amendment rights when they forced him to work. A strike was recorded in accordance under 28 U.S.C. § 1915(a). Finally, Strader's Federal Tort Claims Act claim that defendants Spahn, Russell and Reed committed medical malpractice was stayed until May 19, 2010, when he was to supplement his complaint with proof of exhaustion.

On May 21, defendant United States of America moved to dismiss Strader's claims against it for his failure to supplement his complaint. That same day, Strader filed a supplement to his complaint together with copies of his administrative remedy forms to establish proof of exhaustion.

In his supplement, Strader objects to this court's finding that his allegations concerning his medical treatment stated a tort claim, rather than a claim under the Eighth Amendment. He also objects to the dismissal of his deliberate indifference claims against Reed, Spahn and

Russell on the grounds that he should have been given an opportunity to amend his complaint with respect to these defendants.

Pursuant to his request, the court will dismiss Strader's claim under the Federal Tort Claims Act against the United States of America. Though his original complaint only alledged negligence or medical malpractice, Strader will be given until June 25, 2010, in which to submit an amended complaint, including allegations, if any exist, sufficient to state an Eighth Amendment deliberate indifference claim against defendants Reed, Spahn and Russell.

In addition, plaintiff objects to a strike being recorded against him under 28 U.S.C. § 1915(g). Even if plaintiff is ultimately allowed to proceed on his deliberate indifference claim, however, he was properly given a strike for his failure to state an Eighth or Thirteenth Amendment claim against Fearday, Trate and Padilla for forcing him to work.

ORDER

IT IS ORDERED that:

1. Plaintiff Eugene Strader's claim under the Federal Tort Claims Act against the United States of America is DISMISSED and the United States is DISMISSED as a party.

2, Plaintiff may have until June 18, 2010 to submit a proposed amended compliant including allegations that Judy Spahn, Chris Russell and Jim Reed were deliberately indifferent to his serious medical need.

3. Defendant United States of America's motion to dismiss Strader's complaint for failure to supplement his complaint, dkt. #10, is DENIED as moot.

Entered this 1st day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM .M. CONLEY
District Judge

2